Ethel Dodge
vs.   Eq. No. 10028.
Maurice C. Caldwell

April 26, 1930.

BLODGETT, P. J. Heard upon demurrer and plea in abatement to bill.

The bill is brought by the owner of certain real estate in Providence against the respondent, a real estate agent, seeking an accounting of the rents and profits of said real estate placed in his hands for management.

To this bill respondent has filed four grounds of demurrer: First, that complainant is not without a remedy at law; second, that complainant has an adequate remedy at law by defending a case now brought against her by respondent in the Sixth District Court; the third ground is similar to the first; fourth, that the questions of law and issues of fact are now being litigated between the parties in the Sixth District Court.

The plea filed by respondent sets forth that respondent on December 10, 1929, instituted an action against this complainant and filed a bill of particulars which is set out in said plea, and that thereupon said Ethel Dodge filed a plea in set-off, alleging that said Caldwell was indebted to her in the sum of $478.61, as set forth in a schedule made part of this plea, and that she further filed an affidavit of defense also set out in said plea.

A temporary restraining order has been entered in this Court restraining said Caldwell from prosecuting said action in said Sixth District Court.

Until further order Caldwell is restrained from pursuing his remedy at law, and it cannot be said that this complainant has elected any remedy except the present bill.

"When proceedings at law and in equity are pending between the same parties and for the same cause of action, the Court, on motion, will compel an election of remedies."

*Quidnick* vs. *Chaffee*, 13 R. I. 367.

The mere bringing of a suit in equity, however, is not in itself an election of remedies.

*Kehoe* vs. *Patton*, 21 R. I. 224.

The remedy by a defendant is by motion to require plaintiff to make an election.

*Kehoe* vs. *Patton, supra.*

The Court is of the opinion that demurrer does not lie to this bill on the ground that complainant has an adequate remedy at law, but that she should be compelled to elect her remedy.

Plea in abatement denied.

For complainant: Harold R. Semple.

For respondent: Charles Z. Alexander.